IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEDIS HERNANDEZ<br>23 Cross Country Ct.<br>Gaithersburg, MD 20879<br><br>and<br><br>RUBISELIA HERNANDEZ<br>5320 8th St., NW, Apt. 107<br>Washington, DC 20011<br><br>PLAINTIFFS,<br><br>v.<br><br>AQUAFREE FACILITIES SERVICES, INC.<br>13002 Country Ridge Drive<br>Germantown, MD 20874<br><br>   Serve: Patrick G. Freeman<br>   13002 Country Ridge Drive<br>   Germantown, MD 20874<br><br>and<br><br>PARTICK G. FREEMAN<br>13002 Country Ridge Drive<br>Germantown, MD 20874<br><br>DEFENDANTS. | Case No.: 17-1632 |

## COMPLAINT

Plaintiffs Ledis Hernandez and Rubiselia Hernandez ("Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Defendants Aquafree Facilities Services, Inc. ("Aquafree") and Patrick G. Freeman (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Ledis Hernandez is an adult resident of Maryland. By participating as a named plaintiff in this action, she consents to prosecute her claims against Defendants under the FLSA and the DCMWA.

2. Plaintiff Rubiselia Hernandez is an adult resident of Washington, D.C. By participating as a named plaintiff in this action, she consents to prosecute her claims against Defendants under the FLSA and the DCMWA.

3. Aquafree is a corporation formed under the laws of the state of Maryland.

4. Defendant Freeman is an adult resident of the state of Maryland.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of the FLSA.

6. At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled and otherwise worked on goods and materials that were moved in or produced for commerce. Thus, Plaintiffs were employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Defendants are subject to the DCMWA because Plaintiffs have spent more than 50% of their time working in the District of Columbia.

## FACTS

10. Defendant Freeman owned and operated Aquafree throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Defendant Freeman:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

   b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

   c. Set and controlled Plaintiffs' work schedules or had the power to set and control Plaintiffs' work schedules;

   d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

   e. Controlled, and was in charge of, Aquafree's day-to-day operations.

11. Plaintiff Ledis Hernandez worked for Defendants from roughly April 2012 to June 20, 2017.

12. Plaintiff Rubiselia Hernandez has worked for Defendants from roughly August 2012 to the present.

13. At all times pertinent to the allegations herein, Defendants paid Plaintiffs either $10.50 per hour or $11.00 per hour for all hours worked, including hours worked in excess of forty (40) during a single workweek.

14. Additionally, Plaintiffs' "Regular Rate" fell below the D.C. minimum wage for some or all of their respective periods of employment by Defendants.

15. Plaintiffs worked numerous hours in excess of forty (40) during a single

workweek during their respective periods of employment by Defendants.

16. Plaintiffs' primary work duties did not qualify for any exemption under the FLSA and DCMWA.

17. Defendants failed to pay Plaintiffs at one-and-one-half times (1.5x) their regular rate for hours worked over forty.

18. Defendants' failure and refusal to pay Plaintiffs minimum wage and overtime pay, as required by the FLSA and DCMWA, was willful and intentional, and was not in good faith.

### CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

19. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

20. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

21. At all times pertinent to the allegations herein, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

22. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

23. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during their respective periods of employment.

24. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours they worked.

25. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

26. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

27. At all times pertinent to the allegations herein, Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

28. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

29. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work overtime hours during their respective periods of employment.

30. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours they worked.

31. Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

32. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

33. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

34. As set forth above, Defendants failed to pay Plaintiffs at an hourly rate that complies with the D.C. minimum wage requirement.

35. Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the requirement.

36. Defendants' failure to pay Plaintiffs a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for the difference between the wages paid to Plaintiffs and the minimum wages required by the DCMWA in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster (Bar No. 1001110)
J. Barrett Kelly (Bar No. 1019475)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com
bkelly@zagfirm.com

*Counsel for Plaintiffs*